MICHAEL NAGY, PETITIONER-APPELLEE, v. FORD MOTOR COMPANY, RESPONDENT-APPELLANT.

Bergen County Court
Law Division

Decided March 2, 1950.

388

For the petitioner-appellee, *Messrs. Rothbard, Harris & Oxfeld,* by *Mr. Leslie S. Kohn.*

For the respondent-appellant. *Messrs. McCarter, English & Studer,* by *Mr. Verling C. Enteman.*

Del Mar, J. C. C. (orally). This action was submitted on briefs and oral argument. The stenographic transcript shows that the petitioner was injured on January 5, 1945, while in the employ of the respondent, that he lost no time from work, was not temporarily disabled and continued to receive his regular wages or earnings from the respondent. His claim for compensation resulted in an agreement with the respondent whereby the petitioner was entitled to and subsequently received compensation for permanent disability to his left arm amounting to 5%. This agreement was submitted to the Workmen's Compensation Bureau on April 8, 1946, and was approved by Deputy Commissioner Umberger in open court.

Subsequently the parties appeared before the Bureau, where over the objection of the respondent another Deputy Commissioner reopened the matter, treated it as a trial *de novo* and awarded compensation to the petitioner on a 12½% basis, giving to the respondent credit for the 5% theretofore paid for permanent disability.

The learned Deputy Commissioner expressly held that he did not find any increase in permanent disability and also held that the agreement between the parties, although approved by a Deputy Commissioner in open court, was not a bar to a subsequent determination by the Bureau on the merits. It was from this finding of the Bureau that the present appeal was taken to this Court.

The controversy relates entirely to the construction to be given to chapter 74 of the Pamphlet Laws of 1945, page 390, section 9, amending *R. S.* 34:15-22. I think it would serve no useful purpose to review the arguments offered *pro* and *con,* as they are set out at great length in the briefs of counsel for the respective parties.

I have come to the conclusion that the proper interpretation of the 1945 amendment is that an agreement be-

tween an employee and his employer or insurance carrier for compensation will operate as a bar to the formal determination of any controversy, if the same has been approved by a Deputy Commissioner in open court, and not otherwise.

█ █ It has always been the policy of the courts to favor a settlement of controversies between parties without the necessity of expensive and sometimes prolonged litigation. The Workmen's Compensation Act provided an exception to this general rule and the exception grew out of the fear, per-.haps based on experience, that ignorant or ill-advised workmen might be induced to agree to lump settlements of their compensation cases in sums far less than they were entitled to under the Workmen's Compensation Act, and since the Act itself was a declaration of public policy to assess against employers in a measure the losses that naturally flow from accidents which befall workmen in the course of their employment, rather than have them become objects of charity, it is only just and proper that they should not be allowed to barter these rights for less than what they were worth.

█ The 1945 amendment, in my opinion, was designed to provide a workable solution whereby both of these public policies may be followed. The agreement between the employer and the employee is efficacious only when approved by a Deputy Commissioner in open court. It is, of course, the duty of the Deputy Commissioner to see that the rights of the employee are protected under such an agreement. Once the litigants have appeared before the Deputy Commissioner and he has performed his duties there would seem to be no reason in public policy why such a settlement should not have the same effect as any judgment arrived at after a complete litigation of the issues.

Provision is made under *R. S.* 34:15–27 for a modification of such judgment or award in case it should appear at a subsequent time that the incapacity of the employee has subsequently increased or decreased. I do not see anything in the enacting part of the 1945 amendment which would prohibit further proceedings under *R. S.* 34:15–27. Most of the argu-

ment is based upon the construction of the proviso which has no applicability to the case at bar, but which, nevertheless, must be considered in the construction of the amendment as a whole. The proviso relates only to a case in which a petition has been filed, the petitioner is represented by a New Jersey attorney, and when it appears to the Deputy Commissioner that the only issue involved is the extent of disability, in which case it is provided that the Deputy Commissioner, after considering the testimony, together with any stipulation of the parties, should enter a determination and rule for judgment, which shall include a finding of fact as to the amount of the then present disability. Then follows the sentence, "Such determination and rule for judgment may be reopened only in accordance with the provisions of section 34:15–27 of this Title." The last sentence would appear to be entirely unnecessary, as I think that would follow as a matter of law. The rest of the proviso simply appears to give legislative sanction to a practice commonly followed before the enactment of this proviso.

In any event, I do not think it takes anything away from the force of the enacting part of the amendment.

The result is that I find in favor of the respondent-appellant and against the petitioner-appellee.